UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALDO VELASQUEZ, et al.,<br>Plaintiffs,<br>v.<br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., et al.,<br>Defendants. | No. 2:23-cv-01742-DAD-CKD<br><br><u>ORDER AUTHORIZING SUPPLEMENTAL BRIEFING</u> |

On July 15, 2026, the parties stipulated to remand this action to the Solano County Superior Court, where the *Valesquez* action was originally filed.[1] (Doc. No. 28.) In addition to stipulating to remand, the parties stipulate that defendants Clean Harbors Environmental Services, Inc. and Clean Harbors, Inc.s' ("defendants") consent to remand does not constitute "a waiver of their right to a federal forum." (*Id.* at 4.) Further, the parties have agreed that if the Solano County Superior Court does not approve the proposed class settlement, plaintiffs will not

[1] On April 20, 2026, the court consolidated *Valesquez v. Clean Harbors Environmental Services, Inc.*, No. 2:23-cv-01742-DAD-CKD ("*Velasquez*") and *De Sanctis v. Clean Harbors Environmental Services, Inc.*, No. 2:24-cv-00551-DAD-CKD ("*De Sanctis*") pursuant to the parties' stipulation. (Doc. Nos. 24, 25.) The *De Sanctis* action was initially filed in the Contra Costa Superior Court (Doc. No. 28 at 4), then removed to the Northern District of California (*De Sanctis* Doc. No. 1), and then transferred to the Eastern District of California pursuant to a stipulation by the parties (*De Sanctis* Doc. No. 29).

challenge a subsequent removal on timeliness grounds. (*Id.*) The parties do not provide legal authority in support of their apparent contention that they may stipulate to remand their action and then later re-remove the action if the state court does not approve of their proposed class settlement. Absent authority to support this procedure, the court is not prepared to adopt the parties' stipulation in full. In addition, the parties do not provide authority supporting this court's ability to remand the consolidated action to the Solano County Superior Court in light of the fact that the *De Sanctis* action was initially filed in the Contra Costa County Superior Court. Again, absent authority supporting this court's authority to remand the consolidated action to the Solano County Superior Court, the court is not prepared to adopt the parties' stipulation in full.

Accordingly, the court AUTHORIZES the parties to file either supplemental briefing or a supplement to their stipulation no later than August 11, 2026, addressing the court's above noted concerns.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE